IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CLIFFORD SKINNER** : | | |
| Plaintiff, : | | |
| : | | **Civil Action** |
| v. : | | |
| : | | Case No.:  2:22-cv-03087 |
| **ANNA HADLOCK** : | | |
| Defendant. : | | |
| **ANNA HADLOCK** : | | |
| Plaintiff, : | | |
| : | | **Civil Action** |
| v. : | | |
| : | | Case No.:  2:23-cv-1870 |
| **MINCEY FITZPATRICK ROSS LLC** : | | |
| **& CLIFFORD SKINNER** : | | |
| Defendants. : | | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS LESS THAN ALL DEFENDANTS PURSUANT TO FED.R.CIV.P. 41(a)(2)**

**I.    STATEMENT OF MATERIAL FACTS**

This is a defamation and false light matter arising from statements made by Mincey Fitzpatrick Ross LLC ("MFR") on behalf of their client Clifford Skinner which falsely claimed that Plaintiff engaged in illegal and immoral conduct. (ECF #1). On July 27, 2023, this Honorable Court consolidated *Clifford Skinner v. Anna Hadlock*, No. 2:22-cv-3087, and the instant matter *Anna Hadlock v. Mincey Fitzpatrick Ross, LLC, et al.* for the purposes of discovery. (ECF #50).

On December 21, 2023 Plaintiff took the deposition of Defendant Clifford Skinner. During his deposition Mr. Skinner testified that he wanted his attorneys/agents to publicize his "story":

> Q.    At any point in time, did you know that your lawyers were going to write or publicize about representing you?
>
> A.    Yes.

> Q. Okay. When did you first learn about that? Before –
>
> A. Immediately.
>
> Q. Immediately. Okay. And you were okay with that?
>
> A. Yes.
>
> Q. Did you ever have an opportunity to read or review any sort of statements that were going to be made public about their representation of you?
>
> A. Yes.
>
> Q. Before they were published?
>
> A. Yes.
>
> Q. And you were good with that?
>
> A. Yes. I needed my – the story needed to be told. Somebody needs to hear – They were willing to tell my story. My voice needed to be heard. . .

See Mr. Skinner's Deposition at pgs. 171-172, which are attached as Exhibit "A."

On December 29, 2023, Plaintiff's counsel reached out to counsel for MFR and indicated their intent to dismiss MFR from this lawsuit due to Mr. Skinner's testimony. Shortly thereafter, counsel for Defendant emailed Plaintiff's counsel and requested Plaintiff "let [them] know the proper mechanism for dismissing Mincey Fitzpatrick Ross from this lawsuit[.]" Email correspondence between counsel is attached as Exhibit "B." That same day, Plaintiff's counsel informed Defendants' counsel that MFR can be dismissed by stipulation pursuant to Fed.R.Civ.P. 41. *Id.* A copy of the stipulation is attached as Exhibit "C." On January 4, 2024, counsel for Plaintiff inquired as to the status of Defendants' review of the proposed stipulation. *Id.* No response was received. On January 11, 2024, Plaintiff's counsel again inquired as to the status of Defendants' review of the proposed stipulation. *Id.* On January 12, 2024, Defendants'

counsel requested additional time to consider the proposed stipulation. *Id.* Instead of responding to the basic stipulation that would dismiss their client from this lawsuit, counsel for Defendants drafted and filed a Motion on Sunday, January 14, 2024 at **9:18 p.m.** (ECF #50).

As of the filing of this motion, no response to the stipulation has been submitted to counsel. Thus, Plaintiff is now forced to engage Rule 41(a)(2) to dismiss MFR from this lawsuit.

## II.   QUESTIONS PRESENTED

Should this Honorable Court dismiss Mincey Fitzpatrick Ross, LLC without prejudice where there are no counterclaims or crossclaims involving Mincey Fitzpatrick Ross, LLC and Mincey Fitzpatrick Ross, LLC will suffer no prejudice?

**Suggested Answer: Yes.**

## III.   ARGUMENT

Fed.R.Civ.P. 41 provides:

> (2) *By Order; Effect*. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed.R.Civ.P. 41 (a)(2). "The Courts have adopted a 'liberal policy' with respect to Rule 41 motions for voluntary dismissal. Ordinarily, such motions 'should be allowed unless defendant will suffer some prejudice other than the mere prospect of a second lawsuit." *Exeter Twp. v. Franckowiak*, 2018 U.S. Dist. LEXIS 28134, 2018 WL 1010626 (E.D.Pa. Feb. 22, 2018).

There is no cognizable prejudice against Defendant MFR from being dismissed from this matter. No counterclaim was filed against Plaintiff by MFR. (ECF #14). No crossclaims were filed by Mr. Skinner or MFR. (ECF # 14 and 24). Indeed, based on the testimony of Mr. Skinner,

3

MFR was following the requests of their client, Mr. Skinner, when submitting extrajudicial publications of the allegations of Mr. Skinner's lawsuit. Thus, there is no legitimate reason that MFR should not be dismissed from this lawsuit.

## IV. CONCLUSION

Plaintiff respectfully requests this Honorable Court enter an Order in the proposed form dismissing Mincey Fitzpatrick Ross, LLC in accordance with Fed.R.Civ.P. 41.

**THE BEASLEY FIRM, LLC**

By: /s/ Andrew M. Marth
Lane R. Jubb, Jr., Esq.
Andrew M. Marth, Esq.
Attorneys for Plaintiff

Date: January 16, 2024